IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRIAN A. JEREMIAH,

    Plaintiff,

v.

MARK NOOTH, Superintendent, SRCI, et al.,

    Defendants.

Case No. 2:16-cv-00532-TC
**OPINION AND ORDER**

AIKEN, District Judge:

In this prisoner civil rights action, plaintiff Brian A. Jeremiah sued state defendants in connection with his incarceration at Snake River Correctional Institute ("SCRI") in Ontario, Oregon. Magistrate Judge Coffin filed his Findings and Recommendation ("F&R") on December 18, 2017, recommending this Court grant defendants' motion for summary judgment. The F&R is now before me pursuant to 28 U.S.C. § 636(b) and Fed. Civ. R. P. 72. I review *de novo* those portions of the F&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

Following a *de novo* review, I find no error. Plaintiff objects to every aspect of Judge Coffin's F&R, often in general terms.[1] Numerous courts have held that where a plaintiff only makes general objections, rather than specific objections, to an F&R, *de novo* review is not required. 28 U.S.C. § 636(b)(1)C); Fed. R. Civ. P. 72(b)(3); *Grady v. Biter*, 2016 WL 537175, *2 (S.D. Cal. Feb. 10, 2016); *Alcantara v. McEwen*, 2013 WL 4517861, *1 (S.D. Cal. Aug. 15, 2013) (citing numerous cases).

However, because plaintiff is *pro se*, I have carefully considered even his general objections. I explain only the closest question, plaintiff's objection to Judge Coffin's finding that, with respect to his claims that he was denied the opportunity to adequately decontaminate after he was pepper sprayed (claims 6, 10, and 11), plaintiff exhausted his administrative remedies before filing his tort suit.

Plaintiff first argues that he exhausted his administrative remedies with respect to the claims concerning pepper spray decontamination. Plaintiff claims that, on August 21, 2015, he was in the SCRI dayroom when he received a threat from another inmate. He reported the threat to a corrections officer, Officer Dotson. Officer Dotson asked him to identify who made the threat, and when plaintiff could not, Officer Dotson asked plaintiff to stay within his unobstructed view while he dealt with the situation. Plaintiff then pointed out who he believed had made the threat and sat back down in the dayroom. Another inmate then grabbed a shelf off the wall and began beating plaintiff with it. At that time, Officer Dotson told the inmates to stop fighting, called for a response team, and deployed pepper spray, which hit both the plaintiff and his assailant. Another officer arrived and also deployed his pepper spray. Plaintiff claims that he

---

[1] Plaintiff opens his objections by accusing Judge Coffin of "blatant bias" and of "ignor[ing]" all of plaintiff's arguments "regardless of precedent." Obj. F&R 1. Nothing indicates that Judge Coffin departed from his duty to fairly and objectively adjudicate the motion.

was not allowed to shower for two days after this incident, and that he was only given two wet towels to clean off the pepper spray residue.

Plaintiff claims that he exhausted the grievance process with regards to this incident by filing an initial grievance on August 29, 2015. That grievance addressed both the pepper spraying itself and the failure to allow plaintiff to decontaminate himself afterwards. On September 18, 2015, the initial grievance was accepted, and on October 12, 2015, it was denied. On October 17, 2015, plaintiff filed his first grievance appeal, on October 21, 2015, it was accepted, on December 22, 2015, it was denied. On December 26, 2015, plaintiff filed his second appeal. Between December 28, 2015, and January 7, 2016, plaintiff and the prison administration corresponded to determine the possession of the original documents plaintiff submitted, and on January 14, 2016, the second appeal was accepted. Plaintiff was told he should await a response. Plaintiff claims he waited over 60 days for a response, when 30 days is provided for in the relevant regulation. *See* Or. Admin. R. 291-109-0170. Therefore, plaintiff asserts, these claims were exhausted, and the filing of his tort claim was appropriate.

However, the record shows that plaintiff gave his tort claim notice on January 21, 2016, only one week after his appeal was accepted. Pursuant to the prison administration's tort claim notice procedure, the notice stopped the processing of plaintiff's second appeal. Because plaintiff cut off the still-pending grievance process by filing suit, he did not exhaust his available administrative remedies.

In the alternative, plaintiff asserts that his failure to exhaust should be excused because he filed this lawsuit before his second appeal was resolved due to his mistaken impression that the statute of limitations would not toll while he completed the administrative appeals process. The Oregon Tort Claims Act generally requires tort claims against a public body such as a state

Page 3 – OPINION AND ORDER

prison to be filed within 180 days of "the alleged loss or injury." Or. Rev. Stat. § 30.275(2)(b). That statute may seem as if it gives a hard deadline of 180 days after the alleged loss or injury, but it is well-established that state statutes of limitations must be tolled while prisoners complete the mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Plaintiff's ignorance of the law on this point does not excuse his failure to exhaust administrative remedies. *See Sapp v. Kimbrell*, 623 F.3d 813, 827 (9th Cir. 2010) (a prisoner's good faith but unreasonable belief that he could not proceed with the grievance process does not excuse failure to exhaust).

I agree with Judge Coffin's finding that plaintiff failed to exhaust the claims related to pepper spray decontamination. Though the administrative grievance process may feel cumbersome and slow to plaintiff, it is well established that a prisoner must exhaust administrative remedies before filing suit.

I ADOPT Judge Coffin's F&R (doc. 61). Defendants' motion for summary judgment (doc. 40) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this ___ day of March 2018.

Ann Aiken
United States District Judge